IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:21-cr-480-X (2) |
| SADE MIRANDA SALTERS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER REVOKING PRETRIAL RELEASE AND ORDER OF DETENTION

Defendant Sade Miranda Salters is charged by a superseding indictment with Bank Robbery; Aiding and Abetting, in violation of 18 U.S.C. §§ 2113(a) and 2.

On October 22, 2021, the undersigned United States magistrate judge released Defendant subject to an Order Setting Conditions of Release. *See* Dkt. No. 33. Among those conditions are that Defendant must submit to supervision by and report for supervision to the Supervising Officer; must submit to testing for a prohibited substance if required by the pretrial services office or supervising officer and must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing; and must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner, or any synthetic and/or natural substance that alters mood and/or cognitive ability, such as CBD and hemp oils/products.. *See id.* at 2.

-1-

Having been released on such conditions, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Under 18 U.S.C. § 3148(b),

> [t]he attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated.

18 U.S.C. § 3148(b).

Section 3148(b) further provides that the Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer – (1) finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that – (A) based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1)-(2).

But Section 3148(b) further provides that, "[i]f the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a

danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly." 18 U.S.C. § 3148.

On May 31, 2022, Defendant's supervising pretrial services officer filed a Report of Violation of Conditions of Pretrial Release, in which he reported that he "has information that the defendant has violated such conditions in each of the following respects":

> Ms. Salters is currently supervised in the Middle District of Florida, Fort Myers Division, by Senior United States Probation Officer (Sr. USPO) Tad Parks.
>
> On April 25, 2022, and May 9, 2022, Ms. Salters failed to report as directed for a urinalysis test. On May 10, 2022, Sr. USPO Parks contacted Ms. Salters and advised her she needed to report to the office to submit a specimen for testing. Ms. Salters advised Sr. USPO Parks that she "refused" to report to the office to submit any test. She noted she would follow her location monitoring program but would not report to the office to submit a urinalysis.
>
> On May 19, 2022, Ms. Salters reported to submit a urinalysis specimen but initially stalled. Ms. Salters advised the officer observing her submission that it did not matter as she was going to prison and that the Pretrial Services Officer was lucky that she even reported to the office to submit a specimen. Ms. Salters submitted a urine specimen for testing. Sr. USPO Parks informed Ms. Salters that they would be applying a sweat patch on person for continual drug monitoring and Ms. Salters refused and stated she needed to consult with her attorney. Ms. Salters left the office without a sweat patch.
>
> On May 20, 2022, Ms. Salters returned to the office and a sweat patch was placed on her person. She was advised to report on Monday, May 23, 2022, for it to be removed and sent for testing. On May 23, 2022, Ms. Salters returned to the office and the patch appeared to have been tampered with. The patch was pierced, and a liquid was allowed to soak into the patch. Sr. USPO Parks noted the sweat patch was disintegrating when he began to remove it. The patch was sent for

testing. Ms. Salters again noted the results of the test did not matter as she was going to prison.

On May 24, 2022, the results for the urinalysis taken on May 19, 2022, were returned and were positive for marijuana and cocaine. The results have been sent for confirmation and the results remain pending.

It should also be noted that on May 17, 2022, Sr. USPO Parks received a call from an anonymous caller who advised that Ms. Salters is violent and abusive to the owner of the home she resides in. The person also stated that Ms. Salters is using Molly (ecstasy), while providing fake urine for drug testing. This anonymous caller was provided Sr. USPO Poton's number and asked to contact him to discuss her concerns.

On May 25, 2022, the anonymous caller was contacted, and she indicated that she was not a family member but was a former roommate of Ms. Salters. She added that Ms. Salters has been actively using drugs such as cocaine and ecstasy and providing tampered urine to bypass testing. This anonymous caller notes she remains fearful of Ms. Salters retaliating against her for contacting this officer. She also stated that she is attempting to get property back from Ms. Salters who broke into her room and took property worth tens of thousands of dollars. She noted that she will try to recover her property with the help of the Lee County Sheriff's Office but will press charges if she is unable to do so. No charges have been filed against Ms. Salters since the submission of this report.

The undersigned suggests to the court that the violations be addressed at the rearraignment hearing that is scheduled for May 31, 2022. Pretrial Services recommends the revocation of Ms. Salters pretrial supervision.

Dkt. No. 52 at 1-2. The Court ordered that a warrant be issued for Defendant to appear for a hearing to determine whether her conditions of pretrial release should be revoked. *See id.* at 3; see also Dkt. No. 53 (warrant).

The government then filed a Motion to Revoke Release Order. *See* Dkt. No. 59.

The government,

[p]ursuant to 18 U.S.C. § 3148(b), … respectfully moves this Court to revoke defendant Sade Miranda Salters' release order. Salters has twice tested positive for marijuana and other drugs, failed to submit two urine samples, tampered with her sweat patch, and twice refused directives of

U.S. Probation ("Probation"). (see Dkt. 52.) Because there is clear and convincing evidence that Salters violated conditions of release, and because her conduct affords ample proof that she is a flight risk and unlikely to abide by any condition or combination of conditions of release, this Court should revoke Salters' release order.

## BACKGROUND

On September 29, 2021, a grand jury for the Northern District of Texas returned an indictment charging Salters with one count of Bank Robbery; Aiding and Abetting, in violation of 18 U.S.C. §§ 2113(a) and 2. (Dkt. 28.) The government filed a motion for Salters' pretrial detention (Dkt. 12), a detention hearing was held, and Salters was released on conditions on October 22, 2021. (Dkt. 33.)

Among other things, the Order Setting Conditions of Release provided that:

(1) The defendant must not violate federal, state, or local law while on release.

(7)(a) The defendant must submit to supervision by and report for supervision to the U.S. Probation Officer as directed.

(7)(m) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances . . . .

(7)(n) The defendant must submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. . . .The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing (Dkt. 33.)

Salters signed the Order Setting Conditions of Release, acknowledging that she was "aware of the conditions of release," that she "promise[d] to obey all conditions of release," and that she was "aware of the penalties and sanctions" associated with violating the conditions of release. (Dkt. 33 at 3.)

On May 31, 2022, Probation Officer Wayne Poton filed a Report of Violation of Conditions of Pretrial Release (the "Report"). (Dkt. 52.) The Report details multiple violations by Salters, including: (1) a positive marijuana and cocaine test from May 19, 2022; (2) failure to submit urine specimens on April 25 and May 9, 2022; (3) a May 10, 2022 refusal by Salters to report to submit any urinalysis test; (4) a May 19, 2022 refusal by Salters to apply a sweat patch; and (5) tampering with a sweat patch. (Dkt. 52.)

Further, the government is informed and believes that there is an additional violation that will be described in a forthcoming amendment to the Report that includes a recent presumptively positive urinalysis test for marijuana and opiates.

## LEGAL STANDARDS

"A person who has been released under section 3142 of [Title 18], and who has violated a condition of release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Pursuant to Section 3148(b), "[t]he attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court." Section 3148(b) further provides:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—
> (1) finds that there is—
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that—
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

## ARGUMENT

There is probable cause to believe that Salters has committed multiple crimes while on release by her continued use of illegal drugs. There is also clear and convincing evidence that Salters has violated other conditions of release, by her repeated drug use, her failure to submit urine samples, her tampering with the sweat patch, and her failure to report to Probation as directed. Indeed, the very nature of Salters' violations, which involve dishonesty, evasion, and obstinance provides proof that Salters poses a flight risk and is unlikely to abide by any condition or combination of conditions of release going forward.

Further, although Salters' guilty plea has not been accepted by Judge Starr, she has pled guilty to Bank Robbery; Aiding and Abetting, triggering the provisions of 18 U.S.C. § 3143(a)(1). The government does not allege that the specific offense to which Salters pled guilty, Bank Robbery (second paragraph); Aiding and Abetting, is a crime of violence that would trigger mandatory detention under Section 3143(a)(2). See *United States v. Dentler*, 492 F.3d 306, 313 (5th Cir. 2007); *United States v. Jones*, 993 F.2d 58, 61–62 (5th Cir. 1993). Instead, Section 3143(a)(1) applies and requires detention pending sentencing unless it is found "by

clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."

Accordingly, this Court should revoke the Order Setting Conditions of Release and order Salters detained.

Dkt. No. 59 at 1-5.

And, on June 2, 2022, Defendant's supervising pretrial services officer filed an

Amended Report of Violation of Conditions of Pretrial Release, in which he reported

that he "has information that the defendant has violated such conditions in each of

the following respects":

Ms. Salters is currently supervised in the Middle District of Florida, Fort Myers Division, by Senior United States Probation Officer (Sr. USPO) Tad Parks.

On April 25, 2022, and May 9, 2022, Ms. Salters failed to report as directed for a urinalysis test. On May 10, 2022, Sr. USPO Parks contacted Ms. Salters and advised her she needed to report to the office to submit a specimen for testing. Ms. Salters advised Sr. USPO Parks that she "refused" to report to the office to submit any test. She noted she would follow her location monitoring program but would not report to the office to submit a urinalysis.

On May 19, 2022, Ms. Salters reported to the office to submit a urinalysis specimen but initially stalled. Ms. Salters advised the officer observing her submission that it did not matter as she was going to prison and that the Pretrial Services Officer was lucky that she even reported to the office to submit a specimen. Ms. Salters subsequently submitted a urine specimen for testing. Sr. USPO Parks informed Ms. Salters that they would be applying a sweat patch on her person for continual drug monitoring. Ms. Salters refused the application of the patch and stated she needed to consult with her attorney. Ms. Salters left the office without a sweat patch.

On May 20, 2022, Ms. Salters returned to the office and a sweat patch was placed on her person. She was advised to report on Monday, May 23, 2022, in order for it to be removed and sent for testing. On May 23, 2022, Ms. Salters returned to the office and the patch appeared to have been tampered with. The patch was pierced, and a liquid was allowed to soak into the patch. Sr. USPO Parks noted the sweat patch was disintegrating when he began to remove it; nevertheless, the patch

was sent for testing. Ms. Salters again noted the results of the test did not matter as she was going to prison.

On May 24, 2022, the results for the urinalysis taken on May 19, 2022, revealed they were positive for marijuana and cocaine. The results have been sent for confirmation and the results remain pending at this time.

The undersigned suggests that the Amended Report of Violation of Conditions of Release replace the report submitted on May 31, 2022, and that the above noted violations be addressed at the hearing currently scheduled for June 2, 2022.

Dkt. No. 60 at 1-2. The Court ordered that "[t]he previous Report of Violations of Conditions of Pretrial Release order filed on May 31, 2022, be replaced with the Amended Report of Violation of Conditions of Pretrial Release submitted on June 2, 2022." *Id.* at 3.

On June 2, 2022, the Court held a hearing on the matter of possible revocation, at which Defendant appeared in person and through counsel and announced ready to proceed. The government appeared through an Assistant United States Attorney for the Northern District of Texas and likewise announced ready.

The Court heard testimony from Probation Officer Wayne Poton and admitted Government Exhibits 1 and 2 and then heard argument from counsel. Officer Poton testified to the contents of the June 2, 2022 Amended Report of Violation of Conditions of Pretrial Release and to his conversations with Defendant's supervising pretrial services officer Tad Parks in Florida.

The evidence shows clearly and convincingly that Defendant, after initially refusing to wear a sweat patch, tampered with the sweat patch that pretrial services required her to wear in May 2022. That is a violation of condition (7n), and he refusals

-8-

to initially report as directed for a urinalysis test on May 9 and then to report to pretrial services as directed on May 10 are likewise violations of condition (7a).

The Court appreciates that Defendant flew to Dallas from Florida for her May 31, 2022 rearraignment and then went forward with the rearraignment even after being told she would be held in temporary custody pending today's revocation hearing. But the Court finds, in any event, based on Defendant's conduct over the last month – whether she ends up with a confirmed positive drug test or not – that Defendant is unlikely to abide by any condition or combination of conditions of release that the Court could set going forward.

Based on the facts explained above, and the Court's findings based on those facts, the government's motion to revoke [Dkt. No. 59] is GRANTED, and the Court ORDERS that, under 18 U.S.C. § 3148(b), the Court's Order Setting Conditions of Release [Dkt. No. 33] is VACATED and Defendant's release pursuant to 18 U.S.C. § 3142 is revoked.

It is ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal pending further proceedings.

It is ORDERED that while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

-9-

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

DATED: June 2, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-10-